| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |

SHANGHAI SHENDA II LLC,

                       Plaintiff,

          v.

STEVEN FEINSTEIN,

                       Defendant.

No. 20-CV-7415 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Shanghai Shenda II LLC brings this motion to enforce a settlement agreement between Plaintiff and Defendant Steven Feinstein. Defendant's time to respond has passed, and he has filed no response. For the reasons that follow, the motion is granted.

    Plaintiff filed a complaint against Defendant on September 10, 2020, alleging, *inter alia*, that Defendant breached his employment agreement with Plaintiff and failed to repay loan amounts advanced to him by the same. On March 12, 2021, the parties entered into a settlement agreement. *See* Peters Decl., Ex. C ("Stipulation of Settlement"). Pursuant to the Stipulation of Settlement, Defendant agreed to pay Plaintiff an amount totaling $162,500.00, plus interest at a rate of 2.5% per year from March 12, 2021, in accordance with a fixed payment schedule (the "Fixed Settlement Amount"). *Id.* ¶¶ 4-5. The agreement defines an "Event of Default," in relevant part, as "the failure to remit the payment due . . . within ten (10) days after issuance of a notice of default." *Id.* ¶ 8. Upon an Event of Default, the entire debt—totaling $237,500.00—would become immediately due and payable, plus interest and after crediting any payments Defendant had already made toward the Fixed Settlement Amount. *Id.* ¶ 9. The agreement also provides that, upon an

Event of Default, Plaintiff "shall . . . be entitled to the costs incurred in entering and enforcing the judgment, including reasonable attorney['s] fees." *Id.*

On March 19, 2021, the Court so ordered the parties' joint motion to dismiss, which incorporated the Stipulation of Settlement. As provided in the Stipulation of Settlement, the Court retained jurisdiction to enforce the terms of the agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994).

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013) (quoting *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). "[A] motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citing *Kokkonen*, 511 U.S. at 381); *see also United States v. Prevezon Holdings, Ltd.*, 289 F. Supp. 3d 446, 450 (S.D.N.Y. 2018) ("[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law."). "When interpreting an unambiguous contract, 'words and phrases are given their plain meaning.'" *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 139 (2d Cir. 2000) (quoting *Painewebber v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996)). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation." *Oprandy*, 490 F. App'x at 409 (quoting *Hallock v. State*, 64 N.Y.2d 224, 230 (Ct. App. 1984)).

According to Plaintiff, Defendant made the first six payments under the Stipulation of Settlement, but beginning on September 1, 2022, he "failed to timely make payments under the Stipulation of Settlement and failed to pay all amounts due in full." Feng Decl. ¶ 6; *see id.*, Exs. A, B. As of June 13, 2022, the last date on which Defendant made a payment, he had paid only

$37,500.00 of the amount due. *Id.* ¶ 7. Plaintiff sent Defendant a notice of default on September 9, 2022, via an email to Defendant's attorney. *See* Peters Decl., Ex. G. Plaintiff represents that Defendant has not yet cured the default, and Defendant has failed to file any response. The Court thus finds that Plaintiff has established a valid and enforceable agreement as to which Defendant has defaulted, and orders Defendant to pay the remaining $200,000.00 due to Plaintiff, plus interest and reasonable attorney's fees in bringing this action.[1] *See, e.g.*, *Colburn Fam. Found. v. Chabad's Child. of Chernobyl*, 739 F. Supp. 2d 614, 622 (S.D.N.Y. 2010) ("[D]efault provisions in settlement agreements are commonly enforced.") (collecting cases); *Varbero v. Belesis*, 2021 WL 1178127, at *4 (S.D.N.Y. Mar. 29, 2021) (collecting cases); *Mattel, Inc. v. Wolfgang Wind*, 2008 WL 5025016, at *1 (S.D.N.Y. Dec. 8, 2008) (citing *Spectacular Venture, L.P. v. World Star Int'l, Inc.*, 927 F. Supp. 683, 686 (S.D.N.Y. 1996)) (enforcing a default provision in a settlement agreement, plus interest and attorney's fees, where plaintiff represented that defendant had defaulted and defendant failed to respond).

---

[1] Plaintiff seeks $9,457.00 in attorney's fees, which consists of 12.2 hours billed by Jeffrey S. Peters at a rate of $410.00 per hour, and 6.6 hours billed by Kenneth S. Rose at a rate of $675.00 per hour. The Court finds this requested fee to be reasonable. *See Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417, 424 (2d Cir. 2020) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 n.1 (2d Cir. 1999)) ("A district court's calculation of attorney's fees using the lodestar method, in which the district court multiplies the 'number of hours reasonably expended on litigation times a reasonable hourly rate,' is given the 'strong presumption that it represents a reasonable fee.'").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the settlement agreement is granted. The Clerk of Court is directed to enter judgment in the amount of $200,000.00 plus (1) interest thereon at the rate of 2.5% per year from March 12, 2021, and (2) $9,457.00 in attorney's fees. The Clerk of Court is further directed to terminate the motion pending at docket number 22.

Dated:   May 16, 2023
         New York, New York

_____
Ronnie Abrams
United States District Judge